IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **JAMES E. DAVIS,** | : | **MOTION TO VACATE** |
| BOP Reg. # 15984-058, | : | **28 U.S.C. § 2255** |
|     Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:12-CR-362-CAP-1** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
|     Respondent. | : | **1:14-CV-896-CAP-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Movant, James E. Davis, submitted a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in criminal action number 1:12-cr-362-CAP-1. [Doc. 73.][1] Movant also submitted a memorandum of law. [Doc. 73-1.] The Government filed a response in opposition, [Doc. 97], and Movant filed a reply, [Doc. 103]. Movant also filed two motions for default judgment, [Docs. 100, 111], a motion for the Government to respond, [Doc. 110], and a motion for summary judgment, [Doc. 112].[2]

---

    [1]    Citations to the record in this Order and Final Report and Recommendation refer to case number 1:12-cr-362-CAP-1.

    [2]    Movant further filed a motion for bond, [Doc. 108], which is pending before the District Court. [*See* Doc. 85 (Order of District Court denying motion for immediate release).]

The undersigned notes that the Government's response to the § 2255 motion, filed on June 12, 2014, was timely. [*See* Minute Order, May 19, 2014 (extending time for Government to respond until June 19, 2014).] Accordingly, Movant's motions for default judgment, [Docs. 100, 111], and motion for the Government to respond, [Doc. 110], are **DENIED AS MOOT**.[3, 4] For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion, [Doc. 73], and motion for summary judgment, [Doc. 112], be **DENIED**.

## I.     Background

On October 31, 2012, the District Court accepted jurisdiction over Movant's three-year term of supervised release, due to Movant's new residence in Decatur, Georgia. [Doc. 1.] Following a hearing on March 1, 2013, the Court revoked Movant's supervised release and sentenced him to thirty-six months imprisonment. [Doc. 27.]

---

[3] Moreover, a default judgment is not contemplated in the context of a § 2255 motion, and is never available against the United States unless the claimant produces sufficient evidence to substantiate his claim on the merits. *See Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987), and Federal Rule of Civil Procedure 55(d); *see also Sagoes v. United States*, Criminal No. 1:09-CR-49-JEC-GGB, Civil Action No. 1:11-CV-1188-JEC-GGB, 2014 WL 1681596, at *3 (N.D. Ga. Apr. 28, 2014) (Carnes, J.) (same).

[4] *See Franklin v. Parnell*, 461 Fed. Appx. 823, 825 n.2 (11th Cir. Dec. 2, 2011) (per curiam) ("The magistrate judge had authority to deny [the] motion for default judgment.") (citing 28 U.S.C. § 636(b)(1)(A)).

Movant appealed, and the United States Court of Appeals for the Eleventh Circuit affirmed. *See United States v. Davis*, 549 Fed. Appx. 924 (11th Cir. Dec. 16, 2013) (per curiam). [Doc. 70.] Movant executed his § 2255 motion on March 14, 2014. [Doc. 73 at 12.] The Government does not dispute that the § 2255 motion is timely pursuant to 28 U.S.C. § 2255(f). [Doc. 97 at 5.]

### II.    28 U.S.C. § 2255 Standard

A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a

3

preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[5]). The Court must conduct an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). "[A] district court need not hold an evidentiary hearing where the movant's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." *Bain v. United States*, 565 Fed. Appx. 827, 828 (11th Cir. May 12, 2014) (per curiam) (quoting *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)) (internal quotation marks omitted).

As the undersigned will explain below, an evidentiary hearing is not needed because the § 2255 motion and record in this case conclusively show that Movant is entitled to no relief.

## III. Discussion

Movant asserts the following grounds for relief: (1) counsel provided ineffective assistance at the supervised release revocation hearing and on appeal (grounds one and

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

two);[6] (2) the District Court violated Movant's right to travel (ground three); (3) the probation officer lied to the Court (ground four); (4) "Movant stated for the record [that] he did not understand the sentence" (ground five); and (5) the Court lacked jurisdiction (ground six). [Doc. 73 at 4-9; Doc. 73-1 at 5-9; Doc. 103 at 1-5.]

### A. Grounds One and Two

In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Smith v. Robbins*, 528 U.S. 259, 285-89 (2000) (applying *Strickland* to claims of ineffective assistance of appellate counsel). As to the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

---

[6] Although the § 2255 motion and accompanying memorandum of law do not raise counsel's assistance on appeal, Movant's reply indicates that grounds one and two include counsel's assistance on appeal. [*See* Doc. 103 at 1-5.]

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

Movant was represented at his supervised release revocation hearing by Natasha Perdew Silas of the Federal Defenders Office. [Doc. 46 at 2.] Movant was represented on appeal by Silas and two additional attorneys from the Federal Defenders Office. *See Davis*, 549 Fed. Appx. at 925. In the present case, Movant's claims of ineffective assistance concern only Silas. Movant contends that Silas (1) failed to argue that Movant (a) "not only worked at but 'owned' World Wide Enterprise," and (b) did not harass the probation officer (ground one); and (2) failed to (a) raise the District Court's alleged violation of Movant's right to represent himself, and (b) "file evidence [and] affidavits . . . to prove his innocence" (ground two). [Doc. 73 at 4-6; Doc. 73-1 at 5-7; Doc. 103 at 1, 3, 5.]

At his supervised release revocation hearing, Movant sought to represent himself, with Silas serving "as standby." [Doc. 46 at 7.] Silas clarified that Movant was

6

requesting hybrid representation, and the District Court granted that request. [*Id.*][7] Movant indicated his acquiescence by stating, "Okay." [*Id.*][8] During the hearing, Silas objected to the Government's evidence, cross-examined the Government's witnesses, submitted evidence and called a witness on Movant's behalf, read Movant's questions into the record, presented argument, and objected to the length of Movant's sentence. [*Id.* at 11, 13-15, 17-21, 26, 30, 36-37, 41-52, 54-62, 64-67, 69-71, 73, 80.] On appeal, Silas and her two colleagues raised three issues on Movant's behalf. *See Davis*, 549 Fed. Appx. at 930-33. [Doc. 70 at 11-20.]

The undersigned finds no indication in the record that Silas performed deficiently. In particular, it was not deficient for Silas to omit on appeal the District Court's alleged violation of Movant's right to represent himself because that claim lacked merit. Movant did not "clearly and unequivocally assert the desire to represent himself" at the supervised release revocation hearing. *See Cross v. United States*,

---

[7] "[T]he right to counsel and the right to proceed pro se exist in the alternative. . . . The district court may allow a defendant to proceed with hybrid representation; however, this decision rests in the sound discretion of the trial court." *United States v. Dale*, No. 14-10733, 2015 WL 4038486, at *2 (11th Cir. July 2, 2015) (per curiam) (quoting *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987)) (citations and internal quotation marks omitted).

[8] Movant alleges that he did not state "Okay," but he does not present any evidence showing that the transcript is wrong. [Doc. 73-1 at 6.]

7

893 F.2d 1287, 1290 (11th Cir. 1990). If Movant intended to assert such a desire, doing so at the beginning of the hearing was untimely. *See id.* at 1291 n.10.[9] In the absence of a clear, unequivocal, and timely assertion by Movant of the desire to represent himself, the Court did not violate Movant's right, and Silas did not perform deficiently on appeal. "A lawyer cannot be deficient for failing to raise a meritless claim." *Frederick v. Dep't of Corr.*, 438 Fed. Appx. 801, 803 (11th Cir. Aug. 17, 2011) (per curiam) (citing *Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008)). To the extent that Silas did not present other arguments or evidence that, in Movant's view, should have been presented, Movant fails to (1) overcome the presumption that Silas's decisions were strategic, and (2) show a reasonable probability of a different outcome.

Accordingly, the undersigned **RECOMMENDS** that Movant be **DENIED** relief as to grounds one and two of the § 2255 motion.

### B.   Grounds Three and Four

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the

---

[9] The Court also notes that it is doubtful that Movant has a constitutional right to self-representation at the revocation hearing. *See United States v. Boultinghouse*, 784 F.3d 1163, 1172 (7th Cir. 2015); *United States v. Hodges*, 460 F.3d 646, 650 (5th Cir. 2006).

8

movant "overcome[s] this procedural default by showing both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [his] own conduct." *Lynn*, 365 F.3d at 1235. To demonstrate actual prejudice, a movant must show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

As an alternative to showing cause and actual prejudice, a § 2255 movant may overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234-35 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)) (internal quotation marks omitted). "Actual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n.18 (internal quotation marks omitted).

In the present case, Movant raised the following issues on direct appeal:

1. There was insufficient evidence that Movant violated a condition

9

>   of his supervised release by purchasing a vehicle without the probation officer's permission.
>
> 2. The District Court violated Movant's right to access the courts by denying permission to travel to a family court hearing in Rhode Island.
>
> 3. Movant's sentence was substantively unreasonable.

*See Davis*, 549 Fed. Appx. at 930-33. [Doc. 70 at 11-20.] Movant now raises the following issues in grounds three and four of the § 2255 motion:

> Ground Three
> The District Court violated Movant's right to travel by denying permission to attend a family court hearing in Rhode Island.
>
> Ground Four
> The probation officer falsely reported to the Court that Movant lacked permission to purchase a vehicle because the officer wanted to retaliate against Movant for filing complaints regarding the officer.

[Doc. 73 at 7-9; Doc. 73-1 at 7-8; Doc. 103 at 1-2.]

Ground three of the § 2255 motion is procedurally defaulted because Movant did not raise it on direct appeal. Movant fails to show that Silas's allegedly ineffective assistance constituted cause for the default. It was not deficient for Silas to omit ground three on appeal because the District Court may restrict Movant's travel while he is on supervised release. *See Robbins v. Smith*, No. 1:08-cv-1351-TWT, 2009 WL 3158177, at \*6 (N.D. Ga. Sept. 25, 2009) (citing cases). Movant has not presented proof of actual

10

AO 72A
(Rev.8/82)

innocence.

Ground four of the § 2255 motion concerns the sufficiency of the evidence that Movant violated a condition of his supervised release. Movant raised that issue on direct appeal, and the Eleventh Circuit rejected the claim. *See Davis*, 549 Fed. Appx. at 930-32. [Doc. 70 at 11-16.] "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977)).

Accordingly, the undersigned **RECOMMENDS** that Movant be **DENIED** relief as to grounds three and four of the § 2255 motion.

### C.   Grounds Five and Six

In ground five, Movant states that he did not understand his sentence. [Doc. 73-1 at 8.] In his reply, Movant suggests that he was incompetent to understand his sentence. [Doc. 103 at 1, 3, 5.] Movant's claim fails because he has not presented any evidence of incompetency. *See Battle v. United States*, 419 F.3d 1292, 1298-99 (11th Cir. 2005) (per curiam); *James v. Singletary*, 957 F.2d 1562, 1569-71 (11th Cir. 1992).

In ground six, Movant claims that the Court lacked jurisdiction, but his claim

11

fails because he does not present any valid arguments. [Doc. 73-1 at 8-9; Doc. 103 at 4.] The Court accepted jurisdiction over Movant's term of supervised release due to his new residence in Decatur, Georgia. [Doc. 1.]

Accordingly, the undersigned **RECOMMENDS** that Movant be **DENIED** relief as to grounds five and six of the § 2255 motion.

### IV. Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

When the district court denies a [motion to vacate, set aside, or

> correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's motions for default judgment, [Docs. 100, 111], and motion for the Government to respond, [Doc. 110], are **DENIED AS MOOT**.

**IT IS RECOMMENDED** that (1) the § 2255 motion to vacate, set aside, or correct sentence, [Doc. 73], and motion for summary judgment, [Doc. 112], be

13

**DENIED**; (2) a COA be **DENIED**; and (3) civil action number 1:14-cv-896-CAP-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion and motion for summary judgment to the undersigned Magistrate Judge.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this  24th  day of August, 2015.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)